UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


A+ MANUFACTURING, LLC

VERSUS

VALTRONICS, INC.

CIVIL ACTION

NUMBER 12-98-FJP-SCR

**ORDER TO AMEND NOTICE OF REMOVAL**

Defendant Valtronics, Inc. removed this case from state court asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. To establish diversity of citizenship, in Defendant Valtronics, Inc.'s Notice of Removal it alleged that the plaintiff "is a Louisiana limited liability company" and the defendant is a West Virginia corporation with its principal place of business in West Virginia.[1]

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[2]

Under § 1332(c)(1) a corporation is deemed to be a citizen of every state in which it is incorporated and of the state in which

---

[1] Record document number 1, ¶¶ 7 and 8. The attached state court Petition for Declaratory Judgment alleged the plaintiff is "a Louisiana Limited Liability Company domiciled at 41041 Black Bayou Road, Gonzales, Louisiana, 70737." Record document number 1-1, Exhibit A, ¶ 2.

[2] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

it has its principal place of business.  For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.[3]  Thus, to properly allege the citizenship of a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[4]

Defendant's jurisdictional allegations are not sufficient to establish diversity jurisdiction.  Because the plaintiff is organized as a limited liability company, its citizenship cannot be determined from the defendant's allegation.  Neither the state where a limited liability company is organized, nor the state where it has its principal place of business, determines its citizenship.

Therefore;

IT IS ORDERED that defendant Valtronics, Inc. shall have 14 days to file an Amended Notice of Removal which properly alleges the citizenship of the plaintiff.

---

[3] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).  The determination of the citizenship of the parties in this case is not affected by the Federal Courts Jurisdiction and Venue Clarification Act of 2011.

[4] The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership. *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

2

**Failure to comply with this order may result in the case being remanded for lack of subject matter jurisdiction without further notice.**

Baton Rouge, Louisiana, February 21, 2012.

*/s/ Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE